IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERICE M. KENCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-188 |
| | ) | |
| CHRISTINE WORMUTH, Secretary, | ) | |
| Department of the Army, Agency, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Plaintiff has paid the $405.00 filing fee in the above-captioned case. Because he is proceeding *pro se*, the Court will provide Plaintiff with some basic instructions.

Initially, Plaintiff is responsible for serving Defendant in accordance with Federal Rule of Civil Procedure 4. The Court **DIRECTS** the **CLERK** to attach copy of Rule 4 to this Order so that Plaintiff may determine the appropriate method of service for Defendant. The Court **HEREBY NOTIFIES** Plaintiff he must serve Defendant within ninety days after the complaint was filed, and failure to do so may result in the dismissal of individual defendants or the entire case. Fed. R. Civ. P. 4(m). Additional information for litigants proceeding without an attorney may be found on the Court's website at www.gasd.uscourts.gov, under the tab "Filing Without an Attorney."

**IT IS ORDERED** that Plaintiff shall serve upon Defendant, or upon her attorney if appearance has been entered by counsel, a copy of every further pleading or other document

submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to Defendant or her counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by Defendant.  Upon being given at least five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.  Defendant shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[1]

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address.  Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case and failure to do so may result in dismissal for want of prosecution.  Fed. R. Civ. P. 41; Loc. R. 41.1.  If Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery.  See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of

---

[1] The Local Rules may be found on the Court's website at www.gasd.uscourts.gov/court-info/local-rules-and-orders.

discovery). Plaintiff should begin discovery promptly and complete it within the time limit set forth in Local Rule 26.1(d).

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court. Exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney(s) for Defendant and try to work out the problem. If Plaintiff proceeds with the motion to compel, he should also file therewith a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's

statement of material facts will be deemed admitted unless specifically controverted by a statement filed by Plaintiff. Loc. R. 56.1. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a factual assertion in a defendant's motion for summary judgment be supported by affidavits or other materials in the record as provided in Fed. R. Civ. P. 56(c), Plaintiff must respond in kind with counter-affidavits or other such materials, if he desires to contest the defendant's factual assertion. Should Plaintiff fail to properly address a defendant's factual assertions and show that there is a genuine issue for trial, the factual assertions made in the defendant's motion which are properly supported will be accepted as undisputed and, if the defendant is entitled to judgment as a matter of law, summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 13th day of December, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA