IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERICE M. KENCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-188 |
| | ) | |
| CHRISTINE WORMUTH, Secretary, | ) | |
| Department of the Army, Agency, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned case on December 12, 2023. (Doc. no. 1.) Because he is proceeding *pro se*, on December 13, 2023, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 3.) The Court explained Plaintiff is responsible for serving Defendant in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the December 13th Order so that Plaintiff could determine the appropriate method of service for Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the original complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case. (Id.) When the ninety-day period for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service.

(Doc. no. 5.)

In response, Plaintiff returned copies of emails sent to various individuals, documenting Plaintiff's attempts to request waiver of service, find an authorized representative of the Department of the Army to accept service, and confirm receipt of a mailed copy of a summons. (Doc. no. 6, pp. 4-7.)  Plaintiff claims he served summons on Defendant via U.S. Mail on or around February 2, 2024.  (Id. at 2.)  Though Plaintiff was issued summons on January 19, 2024, (doc. no. 4), Plaintiff does not identify what was included in the mail sent to Defendant. Therefore, the documents do not show that summons have been returned executed or valid service has been accomplished.

Plaintiff further explained he "followed what he thought was the correct legal process to serve summon[s]," but encountered difficulties understanding "how to properly serve the defendant through the secure compound at the Pentagon in Washington, DC," and faced an unforeseen medical emergency while the ninety-day period for effecting service elapsed. (Doc. no. 6, pp. 1-2.)  The docket does not reflect any waiver of service by Defendants. Plaintiff's response does not show summons have been returned executed or valid service has been accomplished.

As the Court explained in its December 13, 2024 Order, (doc. no. 3), Plaintiff must serve Defendant as set out under Fed. R. Civ. P. 4.  To serve agencies, corporations, officers, or employees of the United States subject to service under Fed. R. Civ. P. 4(i), Plaintiff must (1) deliver a copy of the summons and complaint to the United States Attorney for the Southern District of Georgia, an assistant U.S. Attorney, or a clerical employee formally designated to receive such process, or send a copy by registered or certified mail to the U.S. Attorney's civil process clerk; (2) send a copy of each by registered or certified mail to the Attorney General

of the United States, Washington, D.C.; and (3) send a copy by registered or certified mail to the agency or officer sued in an official capacity. Fed. R. Civ. P. 4(i)(1)-(2). To accomplish service under Rule 4(i), summons must be delivered to the necessary parties. Waiver of summons is not permitted.[1] Plaintiff's statement and attached emails do not establish compliance with Rule 4(i). First, Plaintiff makes no mention of any attempt to deliver a copy of the complaint and summons to the United States Attorney for the Southern District of Georgia or other authorized personnel listed in Rule 4(i)(1), or to the Attorney General of the United States as required by Rule 4(i)(2). Second, because Plaintiff has not explained what his February 2nd mailing contained or how it was sent, Plaintiff has not provided enough information for the Court to determine whether he delivered copies of the summons and the complaint via registered or certified mail to Defendant.

Regardless, Plaintiff is responsible for properly effecting personal service under Fed. R. Civ. P. 4(c) & (e) should a defendant choose not to waive service. When the waiver was not returned, Plaintiff was responsible for ensuring formal service in accordance with the Federal Rules, including serving the complaint and a summons. Plaintiff does not appear to have attempted personal service upon Defendant. Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182 (11th Cir. 2007).

To the extent there was any question of how to properly accomplish such service, the Court cautioned it was Plaintiff's responsibility to determine which method of service is appropriate and as a courtesy, directed the Clerk of Court to provide a copy of Rule 4. (Doc.

---

[1] Per Fed. R. Civ. P. 4(d)(1), "An individual, corporation, or association that is subject to service under *Rule 4(e), (f), or (h)* has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summon." (emphasis added).

3

no. 3, p. 1.) The responsibility for properly effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). Despite having been provided with the information and tools needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). There is no indication Defendant may be attempting to evade service.

To the extent the statute of limitations may bar a refiled action, based on the information in the complaint, the events about which Plaintiff complains occurred from 2016 until 2018. (Doc. no. 1, p. 4.) Plaintiff unsuccessfully raised claims through the Equal Opportunity Employment Commission ("EEOC") by filing a complaint in January 2018. (Id. at 5.) Upon receiving an unfavorable EEOC appeals decision in March 2023, Plaintiff moved for reconsideration, which was denied on September 14, 2023, concluding Plaintiff had merely reiterated previously raised rejected arguments and thus did not assert a valid basis for reconsideration. (Id. at 10.) As Plaintiff has pursued his case through six years of

administrative requirements, there is no reason to believe he does not understand the necessity of deadline compliance. In any event, nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely.

In sum, the Court warned Plaintiff that failure to effect service within the ninety days allowed under Rule 4 could lead to dismissal of the entire case. (See doc. nos. 3, 5.) Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendant. See Marcus v. Postmaster Gen., 461 F. App'x 820, 822-23 (11th Cir. 2011) (*per curiam*); Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 4th day of April, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA