IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERICE M. KENCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-188 |
| | ) | |
| CHRISTINE WORMUTH, Secretary, | ) | |
| Department of the Army, Agency, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned case on December 12, 2023.  (Doc. no. 1.)  Because he is proceeding *pro se*, on December 13, 2023, the Court provided him with basic instructions regarding the development and progression of this case.  (Doc. no. 3.)  The Court explained Plaintiff is responsible for serving Defendant in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the December 13th Order so that Plaintiff could determine the appropriate method of service for Defendant.  (Id. at 1.)  The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the original complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case.  (Id.)  When the ninety-day period for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service.

(Doc. no. 5.)

In response, Plaintiff explained he "followed what he thought was the correct legal process to serve summon[s]," but encountered difficulties understanding "how to properly serve the defendant." (Doc. no. 6, pp. 1-2.) Because Plaintiff's response did not show summons were returned executed or valid service was accomplished, and because Plaintiff had not shown good cause for failing to timely effect service, the Court recommended Plaintiff's case be dismissed on April 4, 2024. (Doc. no. 7.) Plaintiff objected to the Court's April 4th Report and Recommendation and moved for an extension of time to effectuate service. (Doc. no. 9.) In an abundance of caution, the Court granted Plaintiff's request for an extension of time, vacated the April 4th Report and Recommendation, and directed the Clerk of Court to issue the appropriate summons required under Fed. R. Civ. P. 4(i) to help facilitate service of process. (Doc. no. 10; see also doc. no. 11.) The Court instructed Plaintiff to file proof of service in accordance with Fed. R. Civ. P. 4(l) no later than June 24, 2024. (Doc. no. 10.)

In response, Plaintiff returned receipts and tracking data from USPS to document proof of mailing and delivery of three pieces of mail: one to the U.S. Attorney's Office located in Savannah, GA, delivered on May 23, 2024; the U.S. Attorney's Office located in Augusta, GA, delivered on May 21, 2024; and one to Defendant in Washington, D.C., delivered on May 28, 2024. (Doc. nos. 13, 14.)[1] Plaintiff states these mailings "show[] that the summons were

---

[1] The first of these filings was received June 17, 2024. (Doc. no. 13.) The second was received after the June 24th deadline, on June 25, 2024. (Doc. no. 14.) The filings are nearly identical with one exception: the June 25th filing includes a Certified Mail Receipt associated with the mailing sent to Defendant in Washington, D.C. (Compare doc. no. 13, with doc. no. 14, p. 5.) While the Court does not condone Plaintiff's late filing, the Court nonetheless considers the late-filed receipt for purposes of the analysis herein.

Also filed by Plaintiff on May 21, 2024, was a one-page letter with no specific addressee and summons issued to Defendant, which appears to be an attempt by Plaintiff to mail the summons to Defendant at the address for the U.S. Attorney's Office in Augusta, GA. (See doc. no. 12.) However, given

sent" to the above-mentioned representatives.  (Doc. no. 13, p. 1; doc. no. 14, p. 1.)  Although Plaintiff filed these documents to demonstrate proper proof of service, as explained below, the documents do not show that summons have been returned executed or valid service has been accomplished.

As the Court explained in its December 13, 2024 Order, (doc. no. 3), Plaintiff must serve Defendants as set out under Fed. R. Civ. P. 4.  To serve agencies, corporations, officers, or employees of the United States subject to service under Fed. R. Civ. P. 4(i), Plaintiff must (1) deliver a copy of the summons and complaint to the United States Attorney for the Southern District of Georgia, an assistant U.S. Attorney, or a clerical employee formally designated to receive such process, or send a copy by registered or certified mail to the U.S. Attorney's civil process clerk; (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) send a copy by registered or certified mail to the agency or officer sued in an official capacity.  Fed. R. Civ. P. 4(i)(1)-(2).

Plaintiff's statement, the tracking information, and the mail receipts do not establish compliance with Rule 4 for three reasons.  First, Plaintiff states only that summons were sent and makes no mention of including copies of the Complaint in each of the mailings.  (Doc. no. 13, pp. 1-2; doc. no. 14, pp. 1-2.)  Rule 4(i) requires "deliver[ing] a copy of the summons *and* complaint."  Fed. R. Civ. P. 4(i) (emphasis added).  Second, Plaintiff makes no mention and provides no documentation of any attempt to serve summons and a copy of the complaint on

---

the similarity in addresses between the Court and the U.S. Attorney's Office, coupled with the lack of clear addressing by Plaintiff, (see id. at 3 (envelope addressed to "Southern District of Georgia")), this mailing was docketed as a filing in this case and was not delivered to the U.S. Attorney's Office.  (Id.)  Nonetheless, this attempt by Plaintiff to serve summons on Defendant does not change the Court's analysis, as it is deficient in multiple respects under Fed. R. Civ. P. 4.  (See id. (failing to include copy of Plaintiff's Complaint and sending summons issued to Defendant to U.S. Attorney's Office, not to Defendant, in violation of Fed. R. Civ. P. 4(i)(3)).)

3

the Attorney General, in violation of Fed. R. Civ. P. 4(i)(1)(C).  To the extent it appears Plaintiff may have intended to serve the Attorney General at one of the two U.S. Attorney's Offices located in the Southern District of Georgia, such an attempt is improper in light of the plain language of Rule 4(i)(1)(C), which requires sending the summons and complaint to "the Attorney General of the United States *at Washington, D.C.*"  Id. (emphasis added).  Third, Plaintiff's attempts to prove service are faulty because he did not provide proof of service by affidavit, despite the Clerk of Court providing Plaintiff the necessary copies of the standard form affidavit when issuing summons.  (Doc. no. 11); Fed. R. Civ. P. 4(l)(1) ("*Affidavit Required.*  Unless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").  Plaintiff's letters accompanying the tracking information and receipts are unsworn, (doc. no. 13, pp. 1-2; doc. no. 14, pp. 1-2), and thus cannot serve as a substitute for an affidavit required by Rule 4(l), see 28 U.S.C. § 1746; Roy v. Ivy, 53 F.4th 1338, 1348 (11th Cir. 2022).

To the extent there was any question of how to properly accomplish service, the Court repeatedly cautioned it was Plaintiff's responsibility to determine which method of service is appropriate and as a courtesy, directed the Clerk of Court to provide a copy of Rule 4.  (Doc. no. 3, p. 1; see also doc. no. 5, p. 1; doc. no. 10, p. 2.)  The responsibility for properly effecting service stands firmly with Plaintiff.  Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)).  Despite having been provided with the information and tools needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules

4

of court, including the Federal Rules of Civil Procedure.")

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). There is no indication Defendant may be attempting to evade service.

To the extent the statute of limitations may bar a refiled action, based on the information in the complaint, the events about which Plaintiff complains occurred from 2016 until 2018. (Doc. no. 1, p. 4.) Plaintiff unsuccessfully raised claims through the Equal Opportunity Employment Commission ("EEOC") by filing a complaint in January 2018. (Id. at 5.) Upon receiving an unfavorable EEOC appeals decision in March 2023, Plaintiff moved for reconsideration, which was denied on September 14, 2023, concluding Plaintiff had merely reiterated previously raised rejected arguments and thus did not assert a valid basis for reconsideration. (Id. at 10.) As Plaintiff has pursued his case through six years of administrative requirements, there is no reason to believe he does not understand the necessity of deadline compliance. In any event, nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely.

In sum, the Court warned Plaintiff that failure to effect service within the ninety days allowed under Rule 4 could lead to dismissal of the entire case. (See doc. nos. 3, 5, 10.) Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without

prejudice for failure to timely effect service on Defendant.  See Marcus v. Postmaster Gen., 461 F. App'x 820, 822-23 (11th Cir. 2011) (*per curiam*); Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 1st day of July, 2024, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA